PER CURIAM.
After Appellant pled no contest to certain sex’ offenses involving a minor, the court placed him on sex offender probation with a condition that he not reside within 1000 feet of any place where children regularly congregate. Appellant challenges an order denying his request to remain at his residence, which is within 1000 feet of a child care facility, while serving sex offender probation. Appellant argues that, because the child care facility moved within 1000 feet of his home after he purchased it but before he committed the crime for which he was placed on probation, he should have been permitted to remain in *726 his home, notwithstanding this mandatory probation condition. He argues that the applicable statute expressly permits him to remain in the home, or that the applicable statute is ambiguous on this point and should be construed in his favor. Concluding that the statute is not ambiguous, and does not permit Appellant to remain in his residence, we affirm.
Pursuant to a plea agreement, Appellant pled no contest to sixteen counts of unlawful possession of materials depicting sexual performance by a child and the State nolle prosequied the remaining thirty-one charges. The offenses occurred in August and September 2012. On August 8, 2013, the court sentenced him to an aggregate of twenty years of sex offender probation (a downward departure sentence). The court imposed the standard sex offender conditions, including the condition that “[i]f the victim was under the age of 18, a prohibition on living within 1,000 feet of a school, day care center, park, playground or other places where children regularly congregate, as prescribed by the court.” At sentencing, Appellant and his attorney signed a list containing all the special conditions for sex offender probation and filed it with the court.
Appellant later filed a motion to “clarify” his sentence. In it, he explained that he had purchased and had been living in his home since February 2008. He represented that the child care facility, which is within 1000 feet of his home, had not been established until July 2009. He asked the court to clarify its probation order to allow him to remain living in his home. After a hearing, the lower court denied relief.
The dispositive issue on appeal turns on the construction of section 948.30(1), Florida Statutes (2013), which, in pertinent part, provides:
948.30 Additional terms and conditions of probation or community control for certain sex offenses ...
(1) Effective for probationers ... whose crime was committed on or after October 1, 1995, and who are placed' under supervision for violation of ... s. 827.071 ..., the court must impose the following conditions in addition to all other standard and special conditions imposed:
[[Image here]]
(b) If the victim was under the age of 18, a prohibition on living within 1,000 feet of a school, child care facility, park, playground, or other place where children regularly congregate, as prescribed by the court.... A probationer ... who is subject to this paragraph may not be forced to relocate and does not violate his or her probation ... if not be forced to relocate he or she is living in a residence that meets the requirements of this paragraph and a school, child care facility, park, playground, or other place where children regularly congregate is subsequently established within 1,000 feet of his or her residence.
§ 948.30(1), Fla. Stat. (2013) (emphasis added).
Appellant contends that the last sentence of section 948.30(l)(b) authorizes him to remain in his residence or, at the very least, it is ambiguous, necessitating that we employ the rule of lenity in construing the statute. We disagree. The statute only applies to a “probationer ... subject to this paragraph.” Appellant did not become a probationer subject to the statute until after he was convicted and placed on probation in 2013. At that time, the child care facility was already in place and within 1000 feet of his residence. Thus, at the time Appellant became a probationer subject to the statute, his residence did not *727 “meet[ ] the requirements of [section 948.30(1) ].” Therefore, the last sentence of section 948.30(l)(b) does not apply to his situation and the trial court did not err in denying his request to remain in his home.
AFFIRMED.
TORPY, C.J., ORFINGER and EVANDER, JJ., concur.